UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:18-CV-1183 JAR |
| v. ) | |
| ) | |
| CITY OF ST. LOUIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Clint Phillips, III, for leave to commence this action without prepayment of the filing fee. The Court will grant plaintiff's motion to proceed in forma pauperis. However, after reviewing plaintiff's complaint, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 the City of St. Louis.

Plaintiff asserts that he was accosted by unnamed St. Louis City Police Officers, apparently after his family members called to report he was schizophrenic and had not been taking his medications. Plaintiff claims the officers conducted a search and seizure of him without probable cause and without reasonable suspicion. He states that while officers were attempting to handcuff him and civilly commit him he attempted to evade arrest and they tazed him and restrained him. He was transported to the police station, where he alleges the police officers arrested him under "warrants that were invalid on [their] face." Plaintiff alleges he was then transported to the St. Louis City Justice Center where he was held with "unreasonable delay" before being taken to appear before a Judge in St. Louis City.

Plaintiff additionally asserts that he was held for too long, "over 20 hours," by unnamed officers without a probable cause determination, and "denied the opportunity to post bond. He claims in a conclusory fashion that these allegations show a "custom or policy" of the City of St. Louis of both deliberate indifference and cruel and unusual punishment. Plaintiff also states that unnamed "prison officials" interfered with his access to courts" by denying him phone calls to attorneys or bondsman for over 60 days. And he claims the unnamed Judge in his case sentenced him over the sentencing guidelines for his unnamed crime.

Plaintiff seeks compensatory and punitive damages in excess of $10 million.

**Discussion**

The Court has reviewed Missouri Case.Net, the State of Missouri's online docketing system. Indeed, plaintiff was arrested on the afternoon of May 8, 2016, at the site of a domestic dispute with plaintiff's wife.[1] Plaintiff was charged with misdemeanor assault and two counts of resisting arrest. *See State v. Phillips*, Case No. 1622-CR02100 (22nd Judicial Circuit, City of St. Louis Court).

A warrant was served on plaintiff on April 13, 2017, and bond was set at $2,500 by Judge Stovall-Reid. Plaintiff did not post bond and therefore remained in custody until his sentencing, which occurred on June 19, 2017. On that date, he was sentenced to six months Suspended Imposition of Sentence ("SIS"), as well as six months Suspended Execution of Sentence ("SES"). He was then granted unsupervised probation at that time.

---

[1] Plaintiff's wife swore out an ex parte order of protection against plaintiff in Case No. 1622-PN00928 (22nd Judicial Circuit, St. Louis City Court), on May 10, 2016, regarding this same incident.

Many of the allegations in the complaint are duplicative of the allegations plaintiff brought in the case *Phillips v. Unknown St. Louis City Police Officers*, No. 4:17-CV-1589 JMB (E.D. Mo. filed May 30, 2017), which the Court dismissed pursuant to 28 U.S.C. § 1915(e). As a result, these allegations will be dismissed as duplicative. *E.g.*, *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).[2]

Furthermore, the only named defendant in this action is the City of St. Louis, and plaintiff's allegations against the City fail to state a claim upon which relief may be granted. To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any **specific** allegations that a policy or custom of the City of St. Louis was responsible for the alleged violations of plaintiff's constitutional rights.[3] Plaintiff's conclusory statements that he was held "too long" before being arraigned and "denied bond" do not show a custom or policy on behalf of the City of St. Louis, especially in light of the documentary evidence showing otherwise on Missouri.Case.Net.

---

[2]Plaintiff brought another case in this Court relating to the same allegations in *Phillips v. St. Louis City Police Officers, et al.*, No. 4:17-CV-1637 HEA (E.D.Mo.). That case was also dismissed on frivolity review on January 10, 2018. *Id.*

[3]Additionally, although plaintiff makes allegations against several unnamed and unknown police officers and correctional officials, just as in his prior cases in this Court, he has not identified these individuals with specificity. An action may only proceed against unknown individuals if their identities are reasonably ascertainable. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Just as in his prior cases, several allegations surrounding different officers are mentioned in plaintiff's complaint, including officials at the correctional facility where he was held, officials at the Jail he was held, officers who responded to the 911 call, as well as officers who responded to his attempts at evading arrest. It is unclear to the Court how many police officers or correctional officials plaintiff had difficulty with during these events.

Although plaintiff has not named the Judge who presided over his criminal action as a defendant in this case, he has made allegations against Judge Stovall-Reid in his complaint. However, his allegations against Judge Stovall-Reid, for sentencing him outside the purported guideline range for his unnamed crime, fail to state a claim upon which relief may be granted. Judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). Accordingly, to the extent that there would be any claims against Judge Stovall-Reid, they are subject to dismissal.

Plaintiff's access to courts claims are also subject to dismissal. He states in a conclusory manner that he did not have access denying him phone calls to attorneys or bondsman for over 60 days. To state a claim for denial of meaningful access to the courts, inmates must assert that they suffered an actual injury to pending or contemplated legal claims. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has failed to do so. As such, his claim for denial of access to courts is subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. #2]

**IT IS FURTHER ORDERED** that that plaintiff's complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED AS MOOT**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 20th day of July, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE